UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

|   |   |   |
|---|---|---|
| In re Suzanne L. Johnston | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case Nos.   JES-24-1009 <br> JES- 24-1010 <br> JES-24-1012 <br> JES-24-1015 <br> JES-24-1016 <br> SLD-24-1017 <br> JES-24-1018 <br> SLD-24-1020 <br> JES-24-1021 <br> SLD-24-1022 <br> JES-24-1024 <br> JES-24-1025 <br> JES-24-1026 <br> JES-24-1027 <br> JES-24-1028 <br> JES-24-1029 <br> SLD-24-1030 <br> JES-24-1031 <br> JES-24-1036 <br> JES-24-1037 <br> JES-24-1040 |

# ORDER

Now before the Court are the following:

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed in forma pauperis ("IFP"), and motion (Doc. 3) for the appointment of counsel in *Johnston v. Rieger, et al.*, JES-24-1009 (C.D. Ill. Jan. 11, 2024);
- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Hyvee, et al.*, JES- 24-1010 (C.D. Ill. Jan. 11, 2024);
- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Alwan*, JES- 24-1012 (C.D. Ill. Jan. 12, 2024);
- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Peoria Rescue Ministries, et al.*, JES-24-1015 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Knisely, et al.*, JES-24-1016 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Walmart, et al.*, SLD-24-1017 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1) in *Johnston v. Ozuna, et al.*, JES-24-1018 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Carle Health, et al.*, SLD-24-1020 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Couri, et al.*, JES-24-1021 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 3) to proceed IFP, and motion (Doc. 2) for the appointment of counsel in *Johnston v. Illinois State University, et al.*, SLD-24-1022 (C.D. Ill. Jan. 16, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Williams Brothers, et al.*, JES-24-1024 (C.D. Ill. Jan. 17, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. HUD Housing, et al.*, JES-24-1025 (C.D. Ill. Jan. 17, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Lancia, et al.*, JES-24-1026 (C.D. Ill. Jan. 17, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Leroy, et al.*, JES-24-1027 (C.D. Ill. Jan. 17, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. AMT of Central IL, et al.*, JES-24-1028 (C.D. Ill. Jan. 17, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Washington, et al.*, JES-24-1029 (C.D. Ill. Jan. 17, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Peoria Public School District #150, et al.*, SLD-24-1030 (C.D. Ill. Jan. 18, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Strong Business Center, et al.*, JES-24-1031 (C.D. Ill. Jan. 18, 2024);

- Johnston's Amended Complaint (Doc. 5)[1], petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. McDonald's Corporation*, JES- 24-1036 (C.D. Ill. Jan. 19-24, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. AT+T Companies*, JES- 24-1037 (C.D. Ill. Jan. 19, 2024);

- Johnston's Complaint (Doc. 1), petition (Doc. 2) to proceed IFP, and motion (Doc. 3) for the appointment of counsel in *Johnston v. Social Security Office of Peoria, et al.*, JES- 24-1040 (C.D. Ill. Jan. 24, 2024).

**BACKGROUND**

Suzanne L. Johnston has filed twenty-one *pro se* complaints, each with accompanying petitions to proceed IFP and motions for the appointment of counsel. For the reasons set forth below, Johnston has not demonstrated that she is financially indigent in any of her numerous IFP petitions. Therefore, all of Johnston's petitions to proceed IFP, and consequently, her motions for the appointment of counsel, must be DENIED. Additionally, the Court has subjected Johnston's

---

[1] The Court construes, and grants, Johnston's filing of an amended complaint as a motion for leave to file the Amended Complaint.

copious complaints to *sua sponte* review, and finds each complaint subject to dismissal, with prejudice

The IFP statute, 28 U.S.C. § 1915(a)(1), is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In cases asserted under 28 U.S.C. § 1915, district courts must "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). The Court is to review the sufficiency of the complaint and deny IFP status if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Under this statute, district courts routinely dismiss complaints *sua sponte*. *See, e.g.*, *Woods v. Maruchan, Inc.*, SMY-22-2933, 2023 WL 130456 (S.D. Ill. Jan. 9, 2023).

## IFP MOTIONS AND REQUESTS FOR COUNSEL

The Court has already ruled on Johnston's IFP petition in *Johnston v. Ozuna, et al.*, JES-24-1018, Doc. 2 (C.D. Ill. Jan. 16, 2024). The Court noted that Johnston failed to provide adequate financial information for the Court to assess the accuracy and veracity of her petition. In particular, the Court observed that Johnston filled out the expenses and valuable possessions section of the standard IFP form by writing "PERSONAL" in the space provided. And so, the petition was denied with leave to refile a more fulsome petition. *See id.*, Text Order Dated Jan. 17, 2024. The Court also denied her motion for the appointment of counsel, with the opportunity to renew the motion upon resubmitting her completed IFP petition. *Id.* The Court now addresses Johnston's twenty remaining IFP petitions and motions for appointment of counsel.

Significantly, Johnston's outstanding IFP petitions are consistent as to her claims that 1) she receives approximately $800 in monthly SSDI benefits, 2) she has $5 in savings, and 3) she

owes $3,500 in student loan payments. However, the Court concludes that Johnston's petitions are also consistent in failing to appropriately address her possessions of value and monthly expenses. Only a few of Johnston's numerous IFP petitions indicate any monthly expenses. In particular, Johnston attests to $300 in monthly transportation fees. *See, e.g., Johnston v. Carle Health, et al.*, SLD-24-1020, Doc. 2 (C.D. Ill. Jan. 16, 2024); *Johnston v. Williams Brothers, et al.*, JES-24-1024, Doc. 2 (C.D. Ill. Jan. 17, 2024); *Johnston v. Leroy, et al.*, JES-24-1027, Doc. 2 (C.D. Ill. Jan. 17, 2024); *Johnston v. AMT of Central IL, et al.*, JES-24-1028, Doc. 2 (C.D. Ill. Jan 17, 2024). In two other petitions, Johnston claims to have "$800 TRILLION U.S. DOLLARS," *Johnston v. Walmart Companies, et al.*, SLD-24-1017, Doc. 2 (C.D. Ill. Jan 16, 2024), and "$1,000,000,000 U.S. DOLLARS." *Johnston v. Knisely, et al.*, JES-24-1016, Doc. 2 (C.D. Ill. Jan. 16, 2024).

Johnston's failure to identify expenses beyond transportation in several of her petitions, as well as any valuable possessions other than her vast wealth as indicated in two of her petitions and jewelry in one petition, causes the Court to question the accuracy and, perhaps, the veracity of Johnston's petitions.[2] Accordingly, Johnston's petitions to proceed IFP are DENIED. Consequently, Johnston's motions to request counsel are also denied. Because Johnston's actions are dismissed with prejudice, for the reasons discussed below, the Court need not provide her with an opportunity to refile her petitions and motions.

### *SUA SPONTE* REVIEW OF JOHNSTON'S COMPLAINTS

A frivolous complaint does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *African–American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). "When it becomes clear that a suit filed *in*

---

[2] As to Johnston's jewelry, in *Johnston v. Social Security Office of Peoria, et al.*, JES- 24-1040, Doc. 2 (C.D. Ill. Jan. 24, 2024), she asserts that she possesses $250 worth of jewelry.

*forma pauperis* is irrational or delusional, the district court is required to dismiss it." *Ezike v. National R.R. Passenger Corp.*, No. 08-2139, 2009 WL 247838, at *3 (7th Cir. 2009) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). A judge need not accept fantastic or delusional factual allegations. *See Neitzke*, 490 U.S. at 327–28, 330; *see also Atkins v. Sharpe*, 854 F. App'x 73, 75 (7th Cir. 2021) ("Irrational, fanciful, fantastic, delusional, or incredible allegations are factually frivolous.") (citing *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016)); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

Upon a review of all of Johnston's actions, the Court concludes that every single one of Johnston's complaints must be dismissed with prejudice. Some of Johnston's claims are factually frivolous and she otherwise repeatedly fails to set forth a set of facts that could possibly entitle her to relief in federal court or provide a named defendant with cogent notice of her claims. The following examples, while not exhaustive, serve to illustrate salient consistencies amongst Johnston's repeated deficient filings:

- Nearly all of Johnston's complaints do not address, let alone attempt to show, subject matter jurisdiction. *See, e.g., Johnston v. Peoria Rescue Ministries, et al.*, JES-24-1015, Doc. 1 (C.D. Ill. Jan. 16, 2024) (failing to raise a federal question or plead facts establishing diversity jurisdiction);

- Where Johnston, at least on paper, seems to name appropriate parties to a federal suit, the allegations are bewilderingly confuddling. *See, e.g.*, *Johnston v. Social*

*Security Office of Peoria, et al.*, JES- 24-1040, Doc. 1 (C.D. Ill. Jan. 24, 2024) (maintaining that the Social Security Office "hacked" her social security records);

- Some of Johnston's complaints seek outrageous damages alongside barebones allegations. *See, e.g., Johnston v. Williams Brothers, et al.*, JES-24-1024, Doc. 1 (C.D. Ill. Jan. 17, 2024) (seeking 100 Trillion dollars in damages, in part, because defendant stole her "ideas from the landscape construction industry");

- Other complaints include fantastical claims that challenge the Court's imaginative capacity. *See, e.g., Johnston v. AT+T Companies*, JES- 24-1037, Doc. 1 (C.D. Ill. Jan. 19, 2024) (claiming that defendant "stole" her "voice" and "all recordings");

- Many complaints include allegations that would force the Court to venture too deep into the domestic sphere. *See, e.g., Johnston v. Rieger, et al.*, JES-24-1009, Doc. 1 (C.D. Ill. Jan. 11, 2024) (claiming that one of the defendants caused her injury "coercing [her] into adultery");

- Furthermore, instead of providing information as requested in the standard complaint form, Johnston often answers that she "will explain to the Judge," *see, e.g., Johnston v. HUD Housing, et al.*, JES-24-1025 (C.D. Ill. Jan. 17, 2024), or she instead chooses to not include any information at all. *See, e.g., Johnston v. Ozuna, et al.*, JES-24-1018, Doc. 1 (C.D. Ill. Jan. 16, 2024) (failing to provide any information in the "Statement of Claim" section of the form);

- And when Johnston does include information, it is often nonsensical; in one case, under the "policy or custom" section of the standard form (*i.e.*, where a *pro se* plaintiff describes a governmental policy), Johnston claims: "Stop using my blood

7

+ hemoglobin + all other fluid." *Johnston v. Washington, et al.*, JES-24-1029, Doc. 1 (C.D. Ill. Jan. 17, 2024).

For the myriad of reasons discussed above, and other examples not explicitly recited in this Order, the Court finds Johnston's complaints are either frivolous within the meaning 28 U.S.C. § 1915(e)(2)(B)(i) or fail to state a claim under 28 U.S.C. § 1915(e)(2)(ii). In light of Johnston's pattern of litigation, the Court finds that no attempt at amending the allegations in her complaints to include more specific pleadings will remedy their defects. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Therefore, Johnston's complaints, as outlined below, are DISMISSED with prejudice.[3]

## NOTICE AS TO POSSIBLE SANCTIONS

Taken individually and collectively, Johnston's complaints, petitions, and motions have drained far too many of the Court's limited resources over such a short period of time. This cannot be permitted to continue – Johnston's "cavalcade of frivolous suits must stop." *Salem v. Att'y Registration & Disciplinary Comm'n of Sup. Ct. of Ill.*, 85 F.4th 438, 445 (7th Cir. 2023). And so, the Court wishes to address the separate issue of Johnston's sanctionable conduct in the cases *sub judice*, which it raises on its own accord. *See Hess v. Biomet, Inc.*, JED-16-208, 2022 WL 2314885, at *19 (N.D. Ind. June 28, 2022) ("A court is allowed to 'impose sanctions *sua sponte*[.]'") (alteration in original) (quoting *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005)).

"Under Federal Rule of Civil Procedure 11, which applies to pro se litigants, a party may not present the court with any pleading, motion, or other paper that contains a frivolous legal contention or a factual assertion that lacks evidentiary support." *Tatum v. Lucas*, LA-11-1131, 2021

---

[3] The Court's decision to dismiss Johnston's twenty-one complaints with prejudice is not to be construed as a sanction.

WL 824340, at *2 (E.D. Wis. Mar. 4, 2021) (citing *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990)). And, "'for Rule 11 purposes a frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry.'" *Beal v. Armstrong Containers, Inc., et al.*, PP-22-378, 2023 WL 6441348, at *10 (E.D. Wis. Sept. 30, 2023) (quoting *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000)). "The very point of Rule 11 is to lend incentive for litigants to stop, think and investigate more carefully before serving and filing papers." *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 958 (7th Cir. 2020) (internal quotation omitted).

      Johnston has filed twenty-one frivolous complaints, and twenty-one incomplete IFP petitions in a span of approximately two weeks. As Judge Shadid previously noted, "'[t]he ability to litigate an action IFP [] is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses.'" *Barlow v. Wolfson*, JES-22-1152, 2022 WL 3443657, at *5 (C.D. Ill. June 29, 2022) (quoting *Barlow v. Syracuse Univ. Law School, et al.*, DEP-17-0498, 2017 WL 3225488, at *1 (N.D.N.Y. June 14, 2017), in turn citing *In re Anderson*, 511 U.S. 364, 365-66 (1994)). Based on Johnston's filing conduct as outlined in this Order, the Court must consider denying this privilege if she continues to file frivolous lawsuits. The Court is hopeful, however, that the information in this Order will serve as a guidepost for how Johnston may file an appropriate complaint, IFP petition, and request for counsel.

      In light of the foregoing, the Court hereby CAUTIONS Suzanne L. Johnston that if she files another frivolous, incomprehensible, or malicious lawsuit, or if she files another incomplete IFP petition, she may be fined, sanctioned, or have her filings restricted by the Court. *See United States ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("The Court has the responsibility to ensure that f]rivolous, vexatious, and repeated filings by *pro se* litigants

[do not] interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

## CONCLUSION

For the reasons set forth above,

- Johnston's petition (Doc. 2) to proceed in forma pauperis ("IFP") and motion (Doc. 3) for the appointment of counsel in *Johnston v. Rieger, et al.*, JES-24-1009 (C.D. Ill. Jan. 11, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Hyvee, et al.*, JES- 24-1010 (C.D. Ill. Jan. 11, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Alwan*, JES- 24-1012 (C.D. Ill. Jan. 12, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Peoria Rescue Ministries, et al.*, JES-24-1015 (C.D. Ill. Jan. 16, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed in IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Knisely, et al.*, JES-24-1016 (C.D. Ill. Jan. 16, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's Complaint (Doc. 1) in *Johnston v. Ozuna, et al.*, JES-24-1018 (C.D. Ill. Jan. 16, 2024), is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Couri, et al.*, JES-24-1021 (C.D. Ill. Jan. 16, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed in IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Williams Brothers, et al.*, JES-24-1024 (C.D. Ill. Jan. 17, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;

- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. HUD Housing, et al.*, JES-24-1025 (C.D. Ill. Jan. 17, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Lancia, et al.*, JES-24-1026 (C.D. Ill. Jan. 17, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Leroy, et al.*, JES-24-1027 (C.D. Ill. Jan. 17, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. AMT of Central IL, et al.*, JES-24-1028 (C.D. Ill. Jan. 17, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Washington, et al.*, JES-24-1029 (C.D. Ill. Jan. 17, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed in IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Strong Business Center, et al.*, JES-24-1031 (C.D. Ill. Jan. 18, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. McDonald's Corporation*, JES- 24-1036 (C.D. Ill. Jan. 19-24, 2024), are DENIED, and her Amended Complaint (Doc. 5) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. AT+T Companies*, JES- 24-1037 (C.D. Ill. Jan. 19, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Social Security Office of Peoria, et al.*, JES- 24-1040 (C.D. Ill. Jan. 24, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- The Clerk is directed to close all cases ruled on in this Order.

Signed on this 26th day of January 2024.

*s/ James E. Shadid*<br>United States District Judge

Additionally, for the reasons set forth above,

- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Walmart, et al.*, SLD-24-1017 (C.D. Ill. Jan. 16, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Carle Health, et al.*, SLD-24-1020 (C.D. Ill. Jan. 16, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 3) to proceed IFP and motion (Doc. 2) for the appointment of counsel in *Johnston v. Illinois State University, et al.*, SLD-24-1022 (C.D. Ill. Jan. 16, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- Johnston's petition (Doc. 2) to proceed IFP and motion (Doc. 3) for the appointment of counsel in *Johnston v. Peoria Public School District #150, et al.*, SLD-24-1030 (C.D. Ill. Jan. 18, 2024), are DENIED, and her Complaint (Doc. 1) is DISMISSED with prejudice;
- The Clerk is directed to enter judgment and close all cases ruled on in this Order.

Signed on this 26th day of January 2024.

*s/ Sara Darrow*<br>United States District Judge[4]

---

[4] Judge Shadid has recused from presiding over the last four cases, and so Judge Darrow, in concurring with and adopting the reasoning set forth in the Order, independently denies Johnston's petitions to proceed IFP and motions the appointment of counsel.